Steven Randolph appeals his conviction for operating a motor vehicle under the influence of alcohol (OMVI), a violation of Logan City Ordinance 73.03(A)(1) and (A)(3)[1], and assigns the following errors:
 I. "THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW AND DEPRIVED THE DEFENDANT-APPELLANT OF HIS RIGHT TO BE FREE FROM ARREST IN THE ABSENCE OF PROBABLE CAUSE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION WHEN OVERRULING HIS MOTION TO SUPPRESS."
 II. "THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW AND DEPRIVED THE DEFENDANT-APPELLANT OF HIS RIGHT TO CONFRONT WITNESSES AGAINST HIM UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN ALLOWING HIS ARRESTING OFFICER TO OFFER AN OPINION BASED UPON HIS EXPERIENCES WITH OTHER SUSPECTS CONCERNING WHETHER THE DEFENDANT[-APPELLANT WAS UNDER THE INFLUENCE OF ALCOHOL."
 III. "THE VERDICT OF GUILTY AND JUDGMENT OF CONVICTION THEREON FOR OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL IN VIOLATION OF R.C. 4511.19(A)(1) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Officer Scott Mingus of the Logan Police Department (LPD) stopped appellant for failure to have a license plate light. According to Mingus' testimony, he noticed a strong to medium odor of alcoholic beverage upon appellant and that appellant had bloodshot, glassy eyes. Appellant admitted that he had consumed four to five beers that evening. Mingus then asked appellant to perform several field sobriety tests. Officer Mowery administered the tests while Mingus observed. Mowery then arrested appellant for OMVI.
Appellant filed a motion to suppress the evidence gathered as a result of his arrest by arguing that Mowery did not have probable cause to arrest him. After a hearing on appellant's motion to suppress, the trial court overruled it. The parties then stipulated to certain evidence and agreed to submit the matter to the trial court for decision without a trial. The trial court found appellant guilty.
Appellant's first assignment of error asserts that Officer Mowery did not have probable cause to arrest appellant. Therefore, appellant contends that his motion to suppress should have been granted. In a motion to suppress, the trial court assumes the role of trier of fact, and as such, is in the best position to resolve questions of fact and evaluate witness credibility. See, e.g., State v. Mills (1992), 62 Ohio St.3d 357,366, citing State v. Fanning (1982), 1 Ohio St.3d 19, 20,; see, also, State v. Williams (1993), 86 Ohio App.3d 37, 41. Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592,594. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486, Williams,Guysinger, supra.
Probable cause exists where there is "[a] reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Huber v. O'Neill (1981), 66 Ohio St.2d 28, 30.
To determine whether an officer had probable cause to arrest an individual for a violation of R.C. 4119.19, a "totality of the circumstances" test must be employed. Atwell v. State
(1973), 35 Ohio App.2d 221, 226-227. To support an arrest for drunk driving, the arresting officer must observe not only the indicia of alcohol consumption, but also "the existence of some reasonable indicia of operation while under the influence of alcohol." State v. Taylor (1981), 3 Ohio App.3d 197, 198; Statev. Ellis (Dec. 7, 1994), Adams App. No. 92CA532, unreported.
Appellant argues that the under the principles of State v.Hughart (Feb. 23, 1990), Gallia App. No. 88CA21, unreported, his arrest was not supported by probable cause. In Hughart, we determined that Hughart's arrest was not supported by probable cause because there was no evidence that Hughart's driving was erratic or unsafe and the arresting officer performed no field sobriety tests upon Hughart. In contrast, appellant was asked to perform field sobriety tests and both Mowery and Mingus testified that several of the tests indicated that appellant was under the influence. The officers testified that although appellant was not driving erratically or unsafely, that upon stopping appellant he smelled of an alcoholic beverage, had bloodshot glassy eyes and admitted to consuming four to five alcoholic beverages earlier in the evening. Appellant's performance on the field sobriety tests indicated that he was under the influence of alcohol. The possibility that many of appellant's actions have innocent explanations, such as a medical condition affecting his performance on the field sobriety tests, is irrelevant as long as the actions, taken together constitute probable cause. See Illinois v. Gates
(1983), 462 U.S. 213; United States v. Sokolow (1989),490 U.S. 1.
There were clearly indicia that appellant had consumed alcohol, i.e. his admission and Mingus' testimony that appellant smelled of an alcoholic beverage, and operation under the influence i.e. observation of appellant driving, appellant's performance on the field sobriety tests. This was all that was required to satisfy Huber and to support a finding of probable cause. Accordingly we overrule appellant's first assignment of error.
In his second assignment of error, appellant argues that his right to confrontation was violated when the trial court allowed Officer Mowery to give his opinion, based upon his experiences as a police officer, whether appellant was under the influence of alcohol. Appellant argues that "when an officer testifies that his experience with other defendants leads him to certain conclusions which he in turn applies to the case at hand, the actions and statements of those persons are being used against the defendant, who is of course wholly unable to challenge these conclusions and their underlying premises." He cites no authority in support of this novel argument.
Under Evid.R. 701, a police officer may give opinion evidence on the issue of intoxication. Hillsboro v. Fettro (Dec. 8, 1987), Highland App. No. 617, unreported. See, also, State v.Wargo (Oct. 31, 1997), Trumbull App. No. 96-T5528, unreported. Appellant's right to confrontation was not violated by Mowery's testimony because he had the opportunity to cross-examine Mowery's ability to make the determination whether appellant was under the influence of alcohol. The fact that Mowery's ability to make this determination is based upon his experience with other suspects does not entitle appellant to cross-examine these suspects. We find no merit and little logic in appellant's argument and overrule his second assignment of error.
In his third assignment of error, appellant argues that his conviction for violating Ordinance 73.03(A)(1) was against the manifest weight of the evidence. Appellant was not convicted of Logan County Municipal Ordinance 73.01(A) (1).[2] Therefore we overrule his third assignment of error.
In sum, we have overruled all of appellant's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Municipal Court of Hocking County to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall earlier terminate if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Evans, J.
Concur in Judgment Opinion:
For the Court
 BY: ___________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] These ordinances are identical to R.C. 4511.19(A)(1) and (A)(3).
[2] A journal entry filed October 13, 1998 indicated that appellant had been convicted of both (A)(1) and (A)(3), but the final entry convicted appellant only of (A)(3). Upon order of this court the trial court clarified this inconsistency by filing a nunc pro tunc judgment entry convicting appellant of only the (A)(3) charge.