OPINION
Defendant-appellant Urian Ullom appeals the decision of the Belmont County Court North denying his motion to suppress, which was labeled as a motion to dismiss. The issue before this court is whether the officer had a reasonable suspicion/probable cause that Ullom violated a traffic law. For the reasons discussed below, the decision of the trial court is hereby affirmed.
 FACTS
On November 25, 2000, Trooper Clark of the Ohio State Highway Patrol investigated an abandoned car on U.S. 40 — Blaine Hill, in Belmont County, Ohio. Trooper Clark activated his lights and pulled his cruiser off to the side of road. The cruiser was not completely off of the road; it extended approximately two feet into the east bound lane.
While Trooper Clark was seated in his car filling out investigation paperwork, Ullom drove past. Ullom was not speeding; he was traveling 53 mph in a 55 mph zone. When Ullom passed the cruiser, his car was only approximately one foot from the cruiser. Trooper Clark felt that Ullom did not proceed with due caution in passing him. Based upon those facts Trooper Clark stopped Ullom.
At the stop, Trooper Clark noticed a strong odor of alcohol emanating from Ullom. Trooper Clark also observed Ullom's glassy eyes and flushed face. Trooper Clark then asked Ullom to perform field sobriety tests and a breathalyzer test. Ullom failed the tests.
Ullom was arrested and charged with a violation of R.C. 4511.19(A)(1), (A)(3), driving under the influence, and R.C. 4511.213, failing to proceed with due caution. Ullom entered a not guilty plea. Ullom filed a motion requesting that the charges be dismissed because they were based upon insufficient evidence to perform an initial investigatory stop and examine him for alcohol intake. The trial court treated the motion requesting dismissal of all charges as a motion to suppress and held the appropriate hearing. The trial court overruled the motion and stated that Trooper Clark had a reasonable suspicion based on specific and articulable facts that a violation of a traffic law had occurred.
On January 31, 2001, Ullom changed his plea to no contest and the state dismissed the charge for failure to use due caution, R.C. 4511.213. Ullom was found guilty of R.C. 4511.19(A)(1). Ullom timely appealed the trial court's decision denying his motion to suppress.
Ullom raises one assignment of error. This assignment of error contends:
 "THE COUNTY COURT ERRED IN FINDING THE ARRESTING OFFICER HAD PROBABLE CAUSE TO STOP APPELLANT AND THAT THE EVIDENCE ESTABLISHED A PRIMA FACIE CASE OF A VIOLATION OF R.C. 4511.19(A)(1)."
Ullom filed a motion prior to trial titled "Motion," however the remedy requested in this motion was a dismissal of the charges. There is no provision in Ohio's Rules of Criminal Procedure for a motion to dismiss a criminal case founded upon the lack of probable cause. State v. Hartley
(1988), 51 Ohio App.3d 47, 48; Cleveland v. Shields (1995),105 Ohio App.3d 118, 123; State v. Lloyd (1998), 126 Ohio App.3d 95,100. The proper remedy for Fourth Amendment violations is suppression of the evidence, not dismissal of the charges. Lloyd,126 Ohio App.3d at 100, citing Blanchester v. Hester (1992), 81 Ohio App.3d 815, 820. Therefore, in the case sub judice, if anything, Ullom would have been entitled to suppression of all of the evidence against him, but he was not entitled to an automatic dismissal of the charges. Regardless of the label on the motion, the trial court cured the defect in Ullom's motion by properly treating it as a motion to suppress. As such the standard of review pertaining to motions to suppress is applicable in this case.
An appellate court reviews motions to suppress by determining whether the trial court's findings are supported by competent, credible evidence. Lloyd, 126 Ohio App.3d at 100; State v. Winand (1996),116 Ohio App.3d 286, 288, citing Tallmadge v. McCoy (1994),96 Ohio App.3d 604, 608. This is the appropriate standard because in a hearing on a motion to suppress evidence, the trial court is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Hopfer (1996), 112 Ohio App.3d 521, 548, quotingState v. Venham (1994), 96 Ohio App.3d 649, 653. "However, once we accept those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether the trial court met the applicable legal standard." Lloyd,126 Ohio App.3d at 101, citing State v. Williams (1993), 86 Ohio App.3d 37, 41, citing Statev. Dreher (July 28, 1992), Highland App. No. 786, and State v. Fausnaugh
(Apr. 30, 1992), Ross App. No. 1778.
Ullom argues that there was no probable cause/reasonable articulable suspicion to stop him. Ullom extends this argument to add that there were no reasonable grounds to believe that he was driving a motor vehicle while under the influence of alcohol. The stop and the reasonable grounds to believe he was driving under the influence will be addressed separately.
 STOP
A traffic stop based on probable cause that a traffic violation has occurred or was occurring is "not unreasonable under the Fourth Amendment to the United States Constitution even if the officer has some ulterior motive for making the stop." State v. Earley (June 28, 2000), Wayne App. No. 99CA0059, quoting Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus. "Probable cause exists when the known facts and circumstances are sufficient to warrant a reasonable person in the belief that a crime has been committed." Earley, Wayne App. No. 99CA0059, quoting State v.Gibson (July 7, 1999), Lorain App. No. 97CA006967, citing Ornelas v.United States (1996), 517 U.S. 690, 696.
Trooper Clark stopped Ullom because he had witnessed an alleged violation of R.C. 4511.213. R.C. 4511.213(A)(2) states that if a driver of a vehicle is traveling on a road that does not consist of two lanes of traffic traveling in the same direction and a public safety vehicle with flashing lights is stationary on the side of the road, "the driver shall proceed with due caution, reduce the speed of the motor vehicle, and maintain a safe speed for the road, weather, and traffic conditions."
Trooper Clark testified at the suppression hearing that Ullom did not proceed with due caution in passing his stationary cruiser. Trooper Clark stated that the distance between the two cars when Ullom passed the cruiser was a foot. He explained that if Ullom's vehicle would have been any closer to the cruiser, the side mirrors on the cars would have collided. Trooper Clark also testified that when Ullom passed, due to the rate of speed and the close proximity to the cruiser the force of the air flow "blew his doors off." Trooper Clark compared Ullom's actions to the actions of the four or five cars that had passed him prior to Ullom passing him. He explained that those cars gave him enough distance to open his cruiser door and not worry about being hit. He also stated that those cars slowed down to speeds of 35 to 40 mph.
Little case law exists on violations of R.C. 4511.213(A)(2), proceeding with due caution. This subsection differs from (A)(1), which deals with two lanes of traffic traveling in the same direction, in that (A)(2) has no requirement that a driver should go left of center if possible when passing a stationary cruiser. R.C. 4511.213(A)(1)-(2). Ullom insists that since there is no requirement that he has to go left of center, he was not required to go any farther left than he did. However, he was still required to proceed with due caution. R.C. 4511.213(A)(2). Even though R.C. 4511.213(A)(2) does not define due caution, the facts presented by the state indicate that probable cause existed that Trooper Clark witnessed a violation of R.C. 4511.213(A)(2). Since we have determined that Trooper Clark made the stop based on probable cause that a traffic violation had occurred, this court does not need to address Ullom's assertions that Trooper Clark lacked reasonable suspicion to make the stop. Earley, Wayne App. No. 99CA0059, citing Erickson,76 Ohio St.3d at 11, fn. 2.
 REASONABLE GROUNDS TO BELIEVE HE WAS DRIVING UNDER THE INFLUENCE
Even though Trooper Clark had probable cause to stop Ullom for violating a traffic law, he still needed reasonable grounds to believe Ullom had been driving the motor vehicle while under the influence of alcohol to validly administer field sobriety tests. R.C. 4511.191; Atwellv. State (1973), 35 Ohio App.2d 221, 227. Prior to being pulled over, Trooper Clark did not notice any other traffic violation except proceeding without due caution, R.C. 4511.213. However, it is not necessary that the police officer have reasonable grounds to believe the person is driving under the influence only from the manner in which the person was driving the motor vehicle. Atwell, 35 Ohio App.2d at 227
(stating reasonable grounds are determined by the totality of the circumstances including a person's actions immediately prior to driving the motor vehicle, while driving the motor vehicle or immediately after driving the motor vehicle). A person may be driving under the influence of alcohol and driving in a manner that would not indicate he/she was under the influence of alcohol. Id. Therefore, a police officer may determine whether there were reasonable grounds to believe the person was driving while intoxicated after validly stopping the person. Id.
At the stop, Trooper Clark smelled a strong odor of alcohol on Ullom and noticed his glassy eyes and flushed face. Therefore, even though the manner in which Ullom was driving may not have suggested he was driving under the influence, his actions after being validly stopped created probable cause to administer the field sobriety tests. Therefore, since Trooper Clark had probable cause to stop Ullom's vehicle, the trial court did not incorrectly deny Ullom's motion to suppress. As such the assignment of error is without merit.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
Donofrio, J., concurs.
Waite, J., concurs.