[Cite as *State v. Tucker*, **2017-Ohio-1295**.]

COURT OF APPEALS
COLUMBIANA COUNTY, OHIO
SEVENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ALISHA ANN TUCKER | : | Case No. 2015-CO-22 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Columbiana County
Municipal Court, Case No. 2014 TR
C 2401

JUDGMENT:                              Affirmed

DATE OF JUDGMENT:                   April 5, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MEGAN L. FORSYTHE                    DOMINIC A. FRANK
Assistant Prosecuting Attorney          Betras, Kopp & Harshman, LLC
Columbiana County Prosecutor's Office   1717 Lisbon Street
38832 Saltwell Road                     East Liverpool, Ohio  43920
Lisbon, Ohio 44432

*Baldwin, J.*

**{¶1}** Defendant-appellant Alicia Tucker appeals from September 19, 2014 Opinion and Judgment Entry of the Columbiana County Municipal Court denying her Motion to Suppress. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On April 12, 2014, appellant was cited for operating a motor vehicle under the influence of alcohol/drug of abuse("OVI") in violation of R.C. 4511.19(A)(1)(A) and (A)(2) and driving left of center in violation of R.C. 4511.25. At her arraignment on April 15, 2014, appellant entered a plea of not guilty to the charges.

**{¶3}** On August 13, 2014, appellant filed a Motion to Dismiss/Suppress. Appellant, in her motion, argued that the Trooper who stopped her did not have lawful cause to stop, detain and/or arrest her. Appellant also argued, in part, that the Trooper did not have reasonable and articuable suspicion to proceed with the field sobriety tests and that the tests were not performed in substantial compliance with the National Highway Traffic Safety Administration ("NHTSA") manual. A hearing on the motion was held on September 16, 2014.

**{¶4}** At the hearing, Ohio State Highway Patrol Trooper Steven Tucci testified that he was working the 11 p.m. to 7 a.m. shift on April 12, 2014 when he observed a vehicle go left of center at 12:25 a.m. At the time, he was in uniform in an Ohio State Highway Patrol cruiser. After the Trooper initiated a traffic stop of the vehicle, he observed appellant in the driver's seat and one passenger each in the front seat and back seat. Trooper Tucci testified that he observed "the odor of alcohol emitting from the vehicle and the driver's eyes to be red and glassy." Transcript at 9. He then had

appellant exit the vehicle and sit in the front seat of his patrol car while he ran her driver's license and checked the license plate on the vehicle.

{¶5} Trooper Tucci testified that he continued smelling the moderate odor of alcohol emanating from appellant and asked her how much alcohol she had to drink. Appellant indicated that she had had one beer and admitted going left of center. The Trooper testified that he then asked appellant to perform field sobriety tests. According to Trooper Tucci, he observed four out of six clues on the horizontal gas nystagmus ("HGN") test, four clues out of eight clues on the walk-and-turn test, and one out of four clues on the one legged stand test. Appellant was then arrested for OVI. A videotape of the stop was played for the court.

{¶6} On cross-examination, Trooper Tucci admitted that appellant's speech was not slurred and that she was not fumbling or using the car for balance when she exited the same. He further testified that she did not drop anything when he asked her for her license and registration. When questioned as to whether or not he checked if appellant was wearing contact lenses on the night in question, Trooper Tucci testified that he did not because contacts would not affect the HGN test.

{¶7} Trooper Tucci further testified on cross-examination that he asked appellant while she was still sitting in his patrol car if she had any problems walking or standing and that she indicated that she did not. Appellant did not indicate to him that she had any physical problems that could affect the walk-and turn- test. The Trooper further testified on cross-examination that appellant's vehicle had crossed one tire width over the center line for a very short distance. Appellant also was weaving in and out of her lane.

{¶8} At the conclusion of the hearing, the trial court took the matter under advisement. As memorialized in an Opinion and Judgment Entry filed on September 19, 2014, the trial court denied appellant's Motion to Suppress, finding that Trooper Tucci had probable cause to initiate the stop for an alleged lanes violation and had reasonable and articuable suspicion to expand the scope of the initial traffic stop.

{¶9} Thereafter, appellant, on August 18, 2015, withdrew her former not guilty plea and entered a plea of no contest to OVI in violation of R.C. 4511.19(A)(1)(A). The remaining charges were dismissed. Appellant was sentenced to 180 days in jail with 170 days suspended and was placed on probation for a period of two years. In addition, appellant's driver's license was suspended for a period of one year and appellant was filed $700.00.

{¶10} Appellant now raises the following assignments of error on appeal:

{¶11} THE TRAIL (SIC) COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FOUND THE TROOPER HAD PROBABLE CAUSE TO INITIATE THE STOP FOR A DE-MINIMIS VIOLATION.

{¶12} THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT-DEFENDANT WHEN IT DETERMINED THE TROOPER TO HAVE REASONABLE SUSPICION TO CONDUCT FIELD SOBRIETY TEST.

{¶13} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO RULE ON HER MOTION TO SUPPRESS THE TESTIMONY/EVIDENCE OF THE ARRESTING TROOPER REGARDING THE RESULTS OF APPELLANT'S FIELD SOBRIETY TEST AS SAME WHERE NOT

ADMINISTERED IN SUBSTANTIAL COMPLIANCE WITH THE TESTING STANDARDS AND PROCEDURES.

I, II, III

**{¶13}** Appellant, in her three assignments of error, challenges the trial court's decision denying her Motion to Suppress.

**{¶14}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141(4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592, 621 N.E.2d 726(4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 641 N.E.2d 1172 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623, 620 N.E.2d 906 (4th Dist.1993); *Guysinger, supra.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663, 134

L.Ed.2d 911 (1996), "[A]s a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

**{¶15}** Appellant, in her first assignment of error, argues that Trooper Tucci did not have probable cause to stop her. In order to make an investigatory stop of a vehicle, a law enforcement officer must merely have reasonable suspicion, not probable cause. *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), paragraph two of the syllabus. Reasonable suspicion means the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion [or stop]." *Bobo* at 178,  citing *Terry v. Ohio*, 392 U.S. 1, 20–21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

**{¶16}** In the case sub judice, Trooper Tucci testified that he observed appellant's vehicle go left of center and weave within its lane. He testified that appellant's vehicle had crossed one tire width over the center line for a very short distance. Appellant, in her brief, concedes that based on the decision of this Court in  *State v.  Hodge,* 147 Ohio App.3d 550, 2002–Ohio–3053, 771 N.E.2d 331, "the observation of the left of center traffic violation no matter how minimal/slight gave the Trooper reasonable suspicion to initiate the stop." Appellant's first assignment of error is, therefore, overruled.

**{¶17}** Appellant, in her second assignment of error, argues that the trial court erred in finding that Trooper Tucci had reasonable suspicion to conduct field sobriety tests. Reasonable suspicion of impairment is sufficient to support the administration of field sobriety tests. *State v. Wilson,* 7th Dist. Mahoning No. 01 CA 241, 2003–Ohio–1070, ¶ 17 ("[a]n officer must have reasonable suspicion, based on specific and

articulable facts, to believe a person is under the influence of alcohol in order to administer field sobriety tests.") "Reasonable grounds to believe a person had been driving while under the influence of alcohol will be determined from the totality of all the facts and circumstances, including the person's actions immediately prior to his driving the motor vehicle; during the period of time he was driving including, but not limited to, the manner in which he was driving; and immediately after he discontinued driving, including his activities immediately after getting out of the motor vehicle." *Atwell v. State,* 35 Ohio App.2d 221, 301 N.E.2d 709 (8th Dist.1973), paragraph two of the syllabus.

{¶18} We find that the trial court did not err in finding that Trooper Tucci had reasonable suspicion that appellant was under the influence of alcohol and that, therefore, the Trooper had reasonable suspicion to conduct the field sobriety tests. As is stated above, the Trooper observed appellant's vehicle cross the center line by an entire tire width at approximately 12:25 a.m. Appellant admitted to the violation and also was weaving in and out of her lane. When Trooper Tucci approached the vehicle that appellant was driving, he smelled alcohol and observed that appellant's eyes were red and glassy. When appellant was later sitting in his patrol car, he continued smelling alcohol and asked appellant how much alcohol that she had to drink. Appellant admitted to having one beer. Appellant's second assignment of error is, therefore, overruled.

{¶19} In her third and final assignment of error, appellant contends that the trial court erred when it failed to address appellant's argument that the results of the field sobriety tests should have been suppressed because they were not administered in substantial compliance with testing standards and procedures set forth in the NHTSA manual.

{¶20} Appellant, in her Motion to Suppress, specifically argued that her field sobriety tests were not administered in accordance with the NHTSA manual, which was not submitted into evidence. Appellant, in her motion, listed the reasons each test were not administered properly. However, at the Motion to Suppress hearing, appellant's counsel indicated to the trial court that the issues before the court were whether there was reasonable and articuable suspicion for the traffic stop and to proceed with the field sobriety tests. Counsel never clarified for the trial court that appellant was challenging the administration of such tests.

{¶21} R.C. 4511.19(D)(4)(b) provides that evidence and testimony regarding the results of a field sobriety test may be presented "if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration [.]" *See also, State v. Schmitt,* 101 Ohio St.3d 79, 2004–Ohio–37, 801 N.E.2d 446, at ¶ 9.

{¶22} This Court has held that "some evidence of the NHTSA or other testing standards is required to prove compliance with the administration of field sobriety tests. It is only logical that in order to prove substantial compliance with a given standard, there must be at minimum some evidence of the applicable standard for comparative purposes. Accordingly, where the suppression motion raises specific challenges to the field sobriety tests, the state must produce some evidence of the testing standards, be it through testimony or via introduction of the NHTSA or other similar manual or both."

*State v. Bish,* 191 Ohio App.3d 661, 2010–Ohio–6604, 947 N.E.2d 257, ¶ 27. Once the issue is properly raised by the appellant, the burden shifts to the state to prove by clear and convincing evidence that it substantially complied with NHTSA, or other similar standards, in administering the field sobriety tests. *Id.* at ¶ 24.

{¶23} At the suppression hearing, Trooper Tucci testified that he had training in how to perform field sobriety tests and testified that he had made approximately 50 driving under the influence stops. He indicated that he was certified in all the required areas relating to alcohol detection. On cross-examination, Trooper Tucci testified that his training and certification to conduct field sobriety tests was in accordance with the rules and regulations set forth in the NHTSA manual. He explained how each test was performed.

{¶24} Appellant, in her brief, now specifically contends that Trooper Tucci did not administer the HGN test properly because he did not ask appellant whether or not she was wearing contact lenses. She also maintains that the Trooper did not administer the walk-and-turn test properly because he did not question appellant or determine whether or not she suffered from any injury or medical condition that might affect her ability to perform the test.

{¶25} Appellant, in her motion in the trial court, never raised any issue related to contact lenses and thus has waived such issue. With respect to the walk-and-turn test, Trooper Tucci admitted that he did not ask appellant if she suffered from any injury or medical condition that may affect her ability to perform such test. However, he testified that he asked appellant if she had any problems standing or walking and that, after appellant indicated that she did not, he did not believe that he needed to ask any further

questions. Moreover, a review of the videotape reveals that after Trooper Tucci asked appellant if she was on any medications, she indicated that she was on thyroid medication and Lasix, a water pill. We find that Trooper Tucci substantially complied with the NHTSA manual with respect to the administration of the field sobriety tests.

{¶26} Based on the foregoing, we find that the trial court did not err in overruling appellant's Motion to Suppress. Appellant's three assignments of error are, therefore, overruled.

{¶27} Accordingly, the judgment of the Columbiana County Municipal Court is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.