[Cite as *State v. Shullo*, 2011-Ohio-1619.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2010 CA 00261 |
| LINDSAY E. SHULLO | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:  Criminal Appeal from the Alliance Municipal
Court, Case No.  2010 TRC 01386


JUDGMENT:  Affirmed


DATE OF JUDGMENT ENTRY:  March 31, 2011


APPEARANCES:

For Plaintiff-Appellant

ANDREW ZUMBAR
JENNIFER ARNOLD
ALLIANCE PROSECUTOR'S OFFICE
470 East Market Street
2nd Floor
Alliance, Ohio  44601

For Defendant-Appellee

JEFFRY V. SERRA
SAMUEL J. FERRUCCIO, JR.
THE FERRUCCIO LAW FIRM
220 Market Avenue South
400 Huntington Plaza
Canton, Ohio  44702

*Wise, J.*

{¶1} Appellant State of Ohio appeals the decision of the Alliance Municipal Court, Stark County, which granted a motion to suppress evidence filed by Defendant-Appellee Lindsay E. Shullo. The relevant facts leading to this appeal are as follows.

{¶2} On the evening of June 8, 2010, Marlboro Township Police Officer Greg Kelly was patrolling in his cruiser in an area including Ravenna Avenue. At about 10:30 PM, Kelly observed a 1998 Chevrolet Blazer on said avenue travelling 63 MPH in a 45 MPH zone. Kelly also observed the Blazer cross over the white fog line two to three times. Kelly then activated his overhead flashers and effectuated a traffic stop.

{¶3} Kelly approached the Blazer and spoke with the driver, Appellee Shullo, who was travelling alone. Kelly noticed an odor of alcoholic beverage about the interior of appellee's Chevrolet. As they conversed, Kelly also observed that appellee had bloodshot eyes. When Kelly first asked her about alcohol consumption, appellee denied she had been drinking. She then relented and stated she had earlier consumed one beer in Stow, Ohio.

{¶4} Officer Kelly decided to proceed with field sobriety testing. Appellee initially agreed to submit to said testing, but she then changed her mind and indicated she would refuse. At that time, Kelly placed appellee under arrest for OVI, pursuant to R.C. 4511.19(A)(1)(a).

{¶5} Appellee initially entered a plea of not guilty, following which she filed a motion to suppress evidence. The trial court conducted a suppression hearing on August 9, 2010. At the hearing, Kelly testified he had arrested appellee based on the odor of alcohol and her refusal to engage in field sobriety testing. Tr. at 10. He

conceded there was no evidence of slurred speech or loss of balance on appellee's part. Id.

{¶6} On September 8, 2010, the trial court issued a judgment entry granting appellee's motion to suppress and dismissing the OVI charge. The trial court found, in pertinent part, that Officer Kelly lacked probable cause to effectuate an arrest of appellee.

{¶7} On September 13, 2010, the State of Ohio filed a notice of appeal. It herein raises the following sole Assignment of Error:

{¶8} "I. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE OFFICER DID NOT HAVE PROBABLE CAUSE TO ARREST THE DEFENDANT FOR OVI, IN VIOLATION OF O.R.C. 4511.19."

I.

{¶9} In its sole Assignment of Error, Appellant State of Ohio contends the trial court erroneously granted Appellee Shullo's motion to suppress. We disagree.

{¶10} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641

N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726.

{¶11} In the case sub judice, we read the State's brief as contending both that the trial court failed to apply the correct test/law to the findings of fact and that the trial court incorrectly decided the ultimate issue raised in appellee's motion to suppress.

{¶12} Under Ohio law, a police officer has probable cause for an arrest if the facts and circumstances within his knowledge are sufficient to cause a reasonably prudent person to believe that the defendant has committed the offense. *State v. Cummings*, Stark App.No. 2005-CA-00295, 2006-Ohio-2431, ¶ 15, citing *State v. Heston* (1972), 29 Ohio St.2d 152, 280 N.E.2d 376. "The arrest merely has to be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol." *State v. Eustis*, Knox App.No. 08CA000006, 2008-Ohio-5955, citing *State v. Van Fossen* (1984), 19 Ohio App.3d 281, 484 N.E.2d 191. In making this determination, the trial court must examine the totality of facts and circumstances surrounding the arrest. See *State v. Miller* (1997), 117 Ohio App.3d 750, 761, 691 N.E.2d 703; *State v. Brandenburg* (1987), 41 Ohio App.3d 109, 111, 534 N.E.2d 906. When evaluating probable cause to arrest for OVI, the totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered. See *State v. Homan* (2000), 89 Ohio St.3d 421, 427, 732 N.E.2d 952. Furthermore, a police officer does not have to observe poor driving performance in order to effect an arrest for driving under the influence of alcohol if all the facts and circumstances lead to the conclusion that the

driver was impaired. See *State v. Harrop* (July 2, 2001), Muskingum App.No. CT2000-0026, citing *Atwell v. State* (1973), 35 Ohio App.2d 221, 301 N.E.2d 709.

{¶13} In regard to the State's first argument, we note the trial court, in analyzing the issue of probable cause, relied on an eleven-part test found in *State v. Evans* (1998), 127 Ohio App.3d 56, 711 N.E.2d 761. In that case, the Eleventh District Court of Appeals stated as follows:

{¶14} "Without citing the numerous cases which have been canvassed, it may be said these factors include, but are not limited to (1) the time and day of the stop (Friday or Saturday night as opposed to, *e.g.,* Tuesday morning); (2) the location of the stop (whether near establishments selling alcohol); (3) any indicia of erratic driving before the stop that may indicate a lack of coordination (speeding, weaving, unusual braking, etc.); (4) whether there is a cognizable report that the driver may be intoxicated; (5) the condition of the suspect's eyes (bloodshot, glassy, glazed, etc.); (6) impairments of the suspect's ability to speak (slurred speech, overly deliberate speech, etc.); (7) the odor of alcohol coming from the interior of the car, or, more significantly, on the suspect's person or breath; (8) the intensity of that odor, as described by the officer ("very strong," "strong," "moderate," "slight," etc.); (9) the suspect's demeanor (belligerent, uncooperative, etc.); (10) any actions by the suspect after the stop that might indicate a lack of coordination (dropping keys, falling over, fumbling for a wallet, etc.); and (11) the suspect's admission of alcohol consumption, the number of drinks had, and the amount of time in which they were consumed, if given. All of these factors, together with the officer's previous experience in dealing with drunken drivers, may be

taken into account by a reviewing court in determining whether the officer acted reasonably. No single factor is determinative." Id. at f.n. 2.

{¶15} Our research indicates that this Court has previously referenced the *Evans* test, although it was therein more accurately cited in the context of an officer's decision to conduct field sobriety tests, rather than for the issue of probable cause to arrest. See *State v. Foster*, Tuscarawas App.No. 2009AP020007, 2009-Ohio-4764, ¶13-¶19. Upon review in the present case, we are unpersuaded that the trial court's reliance on *Evans* per se constitutes a reversible failure to apply the correct test or law to the findings of fact.

{¶16} In regard to the State's remaining argument, we find our decision in *State v. Crowe*, Delaware App.No. 07CAC030015, 2008-Ohio-330, to be instructive. In that case, an Ohio State Highway Patrol trooper stopped Mr. Crowe at about 2:00 AM for travelling at 72 MPH in a 55 MPH zone and for drifting within his lane (touching the right lane line on two occasions and the left lane line on one occasion). Id. at ¶2. The trooper detected an odor of alcohol coming from inside the vehicle, and she noticed Crowe's eyes were glassy and bloodshot. Id. at ¶3. She eventually smelled alcohol on Crowe's breath as well. Id. at ¶5. The trooper attempted to conduct field sobriety tests, but Crowe failed to complete them, although he did exhibit two clues on the HGN test. Id. at ¶4. Crowe also admitted to consuming "two or three beers" earlier that evening. Id. at ¶5. Based upon Crowe's speeding, within-lane drifting, the odor of alcohol on his

person, and his glassy, bloodshot eyes, we held, as had the trial court, that the trooper had probable cause to arrest for OVI. Id. at ¶40.[1]

{¶17} The pertinent facts of the case sub judice are indeed similar to the aforesaid facts of *Crowe.* However, Officer Kelly herein did not articulate that he had observed the odor of alcoholic beverage on appellee's person, over and above the odor from the interior of her vehicle. Furthermore, Officer Kelly obtained no results from appellee on field sobriety testing, whereas the trooper in *Crowe* was at least able to obtain partial HGN clues.

{¶18} Upon review, we find the facts presented support the conclusion that the officer did not have probable cause to arrest appellee for OVI under the facts and circumstances of this case. Accordingly, we hold the trial court correctly decided the ultimate issue raised in appellee's motion to suppress. The State's sole Assignment of Error is therefore overruled.

{¶19} For the reasons stated in the foregoing opinion, the judgment of the Alliance Municipal Court, Stark County, Ohio, is hereby affirmed.

By: Wise, J.
Gwin, P. J., concurs.
Farmer, J., dissents.

_____

_____

_____

JUDGES

JWW/d 0311

---

[1] Crowe had also submitted to a preliminary breath test at the scene, but we found probable cause even in the absence of the PBT result. Id. at ¶45.

*Farmer, J., dissents*

{¶20} I respectfully dissent from the majority's embrace of the *Evans* test in discussing probable cause to arrest. Probable cause to arrest exists when a reasonable prudent person would believe that the person arrested had committed a crime*. State v. Timson* (1974), 38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminal and locations. Katz, Ohio Arrest, Search and Seizure (2001 Ed.), 83-88, Sections. 3.12-3.19.

{¶21} In this case, appellant was stopped for speeding and was observed crossing the white fog line two to three times. Her eyes were "very red and blood shot," and there was an odor of alcohol emitting from her vehicle. T. at 6. She was less than forthcoming when questioned about her alcohol consumption that evening, and she reversed her initial agreement to take a field sobriety test. T. at 6-7. I would find when taken in totality, these facts were a strong indication of being under the influence and established probable cause to arrest.

{¶22} I would reverse and remand to the trial court for further proceeding according to law.

_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellant                       :
                                                 :
-vs-                                             :            JUDGMENT ENTRY
                                                 :
LINDSAY E. SHULLO                                :
                                                 :
    Defendant-Appellee                        :            Case No. 2010 CA 00261


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Alliance Municipal Court, Stark County, Ohio, is affirmed.

Costs assessed to appellant.



_____

_____

_____
                                JUDGES