[Cite as *State v. Anderson*, 2013-Ohio-4664.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2013-0016 |
| | : | |
| CLARENCE A. ANDERSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Zanesville Municipal
                                  Court, Case No. 12TRC02436



JUDGMENT:                         AFFIRMED



DATE OF JUDGMENT ENTRY:           September 30, 2013



APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

SUSAN E. SMALL                             BENJAMIN W. WHITACRE
Zanesville Law Department                  3803 James Court, Suite 2
401 Market St.                             Zanesville, OH 43701
Zanesville, OH 43701

*Delaney, J.*

{¶1}   Defendant-Appellant Clarence A. Anderson appeals the December 4, 2012 judgment entry of the Zanesville Municipal Court denying his motion to suppress.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   On November 4, 2012, Defendant-Appellant Clarence A. Anderson was charged with one count of operating a motor vehicle while intoxicated, a first degree misdemeanor in violation of R.C. 4511.191(A)(1)(a); one count of operating a motor vehicle while intoxicated, a first degree misdemeanor in violation of R.C. 4511.19(A)(1)(h); a seatbelt violation under R.C. 4513.263(B)(1); and a left of center violation under R.C. 4511.25.  Anderson entered a plea of not guilty to all counts.

{¶3}   Anderson filed a motion to suppress on November 21, 2012.  Anderson argued the police officer did not have reasonable suspicion or probable cause to effectuate a traffic stop.  The trial court held an evidentiary hearing on the motion.  The following facts were adduced at the hearing.

{¶4}   On November 4, 2012 at around 1:35 a.m., Trooper Nathan D. Morris of the Ohio State Highway Patrol was on routine patrol on Linden Avenue in the City of Zanesville, Ohio.  While on patrol, Trooper Morris observed a car traveling southbound on Linden Avenue swerve to the right and almost strike a parked vehicle.  (T. 7.)  Trooper Morris decided to follow the vehicle to make sure the driver did not commit any other violations.  *Id.*  While continuing to travel southbound on Linden Avenue, Trooper Morris observed the vehicle drifting back and forth a little bit.  (T. 8.)  The vehicle passed a car and went left of center.  *Id.*  Trooper Morris testified he did not initiate a traffic stop for that violation because he gives lenience if a car goes left of center when

passing to avoid striking the other car. (T. 9.) He stated he could have legally stopped the vehicle when it went left of center. (T. 38.)

{¶5} As the Trooper continued to follow the vehicle, he witnessed it go left of center a second time. *Id.* At the time, the road the vehicle was travelling on changed and the lanes shifted to the left. (T. 22.) Trooper Morris testified he observed the inside edge of the vehicle's tires cross over the center line. (T. 25, 33.) After witnessing the vehicle go left of center the second time, Trooper Morris initiated a traffic stop. *Id.*

{¶6} When Trooper Morris turned his pursuit lights on, the video recorder began recording a minute before. (T. 12, 30.) At the time the video recording started, it showed the vehicle passing the car. The video recording was reviewed during the hearing. The trial court remarked it could see the car go left on the recording, but it could not tell from the video recording if the vehicle was across the line or not. (T. 35-36.) The trial court asked Trooper Morris:

THE COURT: All right. And again, just to summarize, your testimony is that you could visually see him better than we can see on the tape that he did, in fact, touch across the center line on both of those streets?

A. Yes.

THE COURT: But that you might have stopped him for the first one until you saw a pattern of weaving, and then he crossed the second time.

A. Correct.

(T. 38.)

{¶7} After Trooper Morris initiated the traffic stop, the officer determined the driver of the vehicle was Defendant-Appellant Anderson. The officer administered the

standardized field sobriety test to Anderson.  After observing clues on the test, Trooper Morris placed Anderson under arrest and read him his Miranda rights.  Anderson submitted to the BAC test and the result was 0.233.

{¶8}  Anderson testified at the suppression hearing.  He stated he kept his vehicle within the lines when driving that evening.  (T. 41.)

{¶9}  On December 4, 2012, the trial court overruled the motion to suppress. Anderson entered a no contest plea to Count B, a violation of R.C. 4511.19(A)(1)(h), Count C, a violation of R.C. 4513.263(B)(1), and Count D, a violation of R.C. 4511.25. The trial court found Anderson guilty and sentenced Anderson accordingly on January 25, 2013.

{¶10} It is from this judgment Anderson now appeals.

## ASSIGNMENT OF ERROR

{¶11} Anderson raises one Assignment of Error:

{¶12} "THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS."

## ANALYSIS

{¶13} Anderson argues in his sole Assignment of Error the trial court erred in overruling the motion to suppress.

{¶14} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist .1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030

(1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶15} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. S*ee, State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *See, Williams, supra*. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96, 620 N.E.2d 906 (8th Dist.1994).

{¶16} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d

576 (1967). An investigative stop, or Terry stop, is a common exception to the Fourth Amendment warrant requirement. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 889 (1968). Because the "balance between the public interest and the individual's right to personal security" tilts in favor of a standard less than probable cause in such cases, the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity "may be afoot." *United States v. Brignoni–Ponce*, 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). In *Terry*, the Supreme Court held that a police officer may stop an individual if the officer has a reasonable suspicion based upon specific and articulable facts that criminal behavior has occurred or is imminent. *See, State v. Chatton*, 11 Ohio St.3d 59, 61, 463 N.E.2d 1237 (1984).

{¶17} The propriety of an investigative stop must be viewed in light of the totality of the circumstances surrounding the stop "as viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Andrews*, 57 Ohio St.3d 86, 87–88, 565 N.E.2d 1271 (1991); *State v. Bobo*, 37 Ohio St.3d 177, 178, 524 N.E.2d 489 (1988). The Supreme Court of the United States has re-emphasized the importance of reviewing the totality of the circumstances in making a reasonable suspicion determination:

> When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the "totality of the circumstances" of each case to see whether the detaining officer has a "particularized and objective basis" for suspecting legal wrongdoing. This process allows officers to draw on their own experience and

specialized training to make inferences from and deductions about the cumulative information available to them that "might well elude an untrained person." Although an officer's reliance on a mere "hunch" is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard. *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct.744, 151 L.Ed.2d 740 (2002), citing *United States v. Cortez*, 449 U.S. 411, 417–418 (1981).

{¶18} Traffic stops based upon observation of a traffic violation are constitutionally permissible. *Dayton v. Erickson*, 76 Ohio St.3d 3, 11–12, 1996–Ohio–431, 665 N.E.2d 1091. This Court has held that any traffic violation, even a *de minimis* violation, may form a sufficient basis upon which to stop a vehicle*. State v. Bangoura*, 5th Dist. Licking No. 08 CA 95, 2009–Ohio–3339, ¶ 14, citing *State v. McCormick*, 5th Dist. Stark No. 2000CA00204, 2001 WL 111891 (Feb. 2, 2001).

{¶19} Anderson argues that the trial court's findings are against the manifest weight of the evidence because the video recording did not show Anderson committing a traffic violation.  Anderson states the trial court should have determined Trooper Morris's testimony that he witnessed Anderson commit a traffic violation was not credible based on the lack of supporting evidence in the video recording.

{¶20} The trial court, during the suppression hearing, acknowledged the video recording does not appear to show Anderson's vehicle crossing the center line the second time.  The trial court asked Trooper Morris, "your testimony is that you could visually see him better than we can see on the tape that he did, in fact, touch across the

center line on both of those streets?" (T. 38.) Trooper Morris confirms he could see Anderson's vehicle and the traffic violations Anderson committed in his vehicle better than that represented on the video recording.

{¶21} The trial judge is in the best position to determine the credibility of witnesses, and his conclusion in this case is supported by competent facts. *See State v. Burnside*, 100 Ohio St.3d 152, 154–55, 797 N.E.2d 71, 74 (2003). The fundamental rule that weight of evidence and credibility of witnesses are primarily for the trier of fact applies to suppression hearings as well as trials. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584 (1982).

{¶22} The trial court, in denying the motion to suppress, found the Trooper's testimony to be believable. R.C. 4511.25(A) states, "[u]pon all roadways of sufficient width, a vehicle or trackless trolley shall be driven upon the right half of the roadway * * *." Trooper Morris testified he observed Anderson's vehicle cross the center line twice before Trooper Morris initiated the traffic stop. Trooper Morris also testified he observed Anderson's vehicle swerve to avoid hitting a parked car and drift to the left and right. Competent, credible evidence in the form of the Trooper's testimony from the suppression hearing supports the finding, despite the fact the violation was not clear on the video recording. *See, State v. Lemaster*, 4th Dist. Ross No. 11CA3236, 2012-Ohio-971.

{¶23} Based on the totality of these circumstances, we find competent, credible evidence in the record to support the trial court's decision and as such, we cannot conclude that the trial court erred when it found that the trooper had probable cause to stop Anderson for a traffic violation.

## CONCLUSION

{¶24} The sole Assignment of Error of Defendant-Appellant Clarence A. Anderson is overruled.

{¶25} The judgment of the Zanesville Municipal Court is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Farmer, J., concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER