[Cite as *State v. Lauer*, 2014-Ohio-1165.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13CA0006 |
| | : | |
| CHET LAUER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Morrow County
                            Municipal Court Case No. 2012 TRC
                            2885



JUDGMENT:                   AFFIRMED



DATE OF JUDGMENT ENTRY:     February 28, 2014



APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

CHARLES S. HOWLAND                      TODD A. BRININGER
MORROW CO. PROSECUTOR                   1801 Watermark Dr., Ste. 350
THOMAS J. SMITH                         Columbus, OH 43215
60 East High St.
Mt. Gilead, OH 43308                    RUSSELL S. BENSING
                                        1370 Ontario St.
                                        1350 Standard Bldg.
                                        Cleveland, OH 44113

*Delaney, J.*

{¶1}   Appellant Chet Lauer appeals from the May 21, 2013 Journal Entry of the Morrow County Municipal Court.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   At 3:44 a.m. on May 27, 2012, Trooper Ruhl of the Ohio State Highway Patrol was stationary in his cruiser on a crossover on Interstate Route 71, north of Exit 140, in the Township of Bennington, Morrow County.  He pulled onto the highway into a group of vehicles traveling north and noticed the Chevy Malibu driven by appellant commit a marked lanes violation.  Ruhl caught up to appellant's vehicle, activated his overhead lights, and initiated a traffic stop.

{¶3}   Appellant put on his left turn signal and pulled off the highway onto the median, not completely out of the lane of travel.  Ruhl left his cruiser partly in the lane of travel with its overhead lights on to block the scene of the stop from oncoming traffic.  When Ruhl approached the vehicle and asked appellant why he pulled into the median, appellant apologized.

{¶4}   Appellant was the only occupant of the vehicle.  Ruhl observed appellant's bloodshot, glassy eyes and noted the moderate odor of an alcoholic beverage emanating from the vehicle.  Ruhl asked appellant for his operator's license and registration; appellant produced his license without incident but was unable to locate the vehicle registration.  (Evidence was later adduced the car belonged to appellant's parents.)  Ruhl asked appellant whether he'd had anything to drink and appellant initially said "not much" and then quickly said "none" or "one," a matter disputed at the suppression hearing.

{¶5}   Ruhl asked appellant to exit the vehicle and brought him back near the cruiser to perform standardized field sobriety tests (S.F.S.T.s).   Outside the vehicle Ruhl noted the odor of an alcoholic beverage upon appellant's person.   Ruhl testified he observed six clues of impairment on the horizontal gaze nystagmus, two indications of impairment on the walk-and-turn test, and three clues on the one-leg stand test.

{¶6}   Appellant was charged by uniform traffic citation with one count of O.V.I. pursuant to R.C. 4511.19(A)(1)(a) and (A)(1)(d) and one count of marked lanes pursuant to R.C. 4511.33.   Appellant entered pleas of not guilty and moved to suppress evidence flowing from the traffic stop and arrest.   Appellee opposed the motion and the trial court held a suppression hearing on September 24, 2012.   On November 14, 2012, by written judgment entry, the trial court found the trooper failed to administer the standardized field sobriety tests in substantial compliance with standardized procedures and suppressed those results, but otherwise overruled the motion to suppress.

{¶7}   On or about May 21, 2013, appellant entered pleas of no contest to the charges and was found guilty by the trial court.   His sentence included a three-day driver intervention program, mandatory fine and license suspension, all suspended pending the instant appeal.

{¶8}   Appellant now appeals from the May 21, 2013 Journal Entry of the trial court.

{¶9}   Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶10} "I.   THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS, IN DEROGATION OF DEFENDANT'S RIGHTS UNDER THE 4TH AND 14TH AMENDMENT[S] TO THE UNITED STATES CONSTITUTION."

## ANALYSIS

{¶11} In his sole assignment of error, appellant argues the trial court erred in overruling his motion to suppress because the trooper had no specific, articulable facts justifying his administration of the standardized field sobriety tests and had no probable cause to arrest appellant.

{¶12} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact.  *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998).  During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility.  *State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996).  A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.  *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996).  Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard.  *State v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶13} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See*, Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994).

{¶14} First, appellant contends the trial court reached the wrong conclusion in finding specific, articulable reasons existed for the trooper to administer SFSTs, essentially contesting the trial court's findings of fact. It is well-established that an officer may not request a motorist to perform field sobriety tests unless that request is independently justified by reasonable suspicion based upon articulable facts that the motorist is intoxicated. *State v. Evans*, 127 Ohio App.3d 56, 62, 711 N.E.2d 761(11th Dist.1998), citing *State v. Yemma*, 11th Dist. No. 95–P–0156, unreported, 1996 WL 495076 (Aug. 9, 1996). Reasonable suspicion is " * * * something more than an inchoate or unparticularized suspicion or hunch, but less than the level of suspicion required for probable cause." *State v. Shepherd*, 122 Ohio App.3d 358, 364, 701 N.E.2d

778 (2nd Dist.1997). "A court will analyze the reasonableness of the request based on the totality of the circumstances, viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold." *Village of Kirtland Hills v. Strogin*, 11th Dist. Lake No. 2005–L–073, 2006–Ohio–1450, at ¶ 13, citing *Village of Waite Hill v. Popovich*, 11th Dist. Lake No. 2001–L–227, 2003–Ohio–1587, at ¶ 14.

{¶15} We find the totality of the circumstances gave the trooper sufficient indicia of intoxication to establish a reasonable suspicion to request appellant to submit to field sobriety testing. *State v. Patel*, 5th Dist. Stark No. 2012CA00190, 2013-Ohio-3300, ¶ 25-26 ; *State v. Strope*, 5th Dist. Fairfield No. 08 CA 50, 2009–Ohio–3849, ¶ 20. In addition to appellant's admitted traffic violation, the trooper noticed a "moderate" odor of alcohol emanating from the vehicle and then from appellant's person; appellant's eyes were bloodshot and glassy; and appellant first admitted to drinking then vacillated. Based on the totality of the circumstances, we find the trooper had sufficient indicia of intoxication to establish a reasonable suspicion to request appellant to submit to field sobriety testing. Id.

{¶16} Appellant then concludes appellee failed to establish probable cause existed to arrest him for O.V.I. Probable cause to arrest exists if the facts and circumstances within the knowledge of the trooper are sufficient to cause a reasonably prudent person to believe that the defendant has committed the offense. *State v. Cummings,* 5th Dist. Stark No. 2005–CA–00295, 2006–Ohio–2431, ¶ 15, citing *State v. Heston*, 29 Ohio St.2d 152, 280 N.E.2d 376 (1972). "The arrest merely has to be supported by the arresting officer's observations of indicia of alcohol consumption and

operation of a motor vehicle while under the influence of alcohol." *State v. Eustis,* 5th Dist. Knox No. 08CA000006, 2008–Ohio–5955, ¶ 11 citing *State v. Van Fossen*, 19 Ohio App.3d 281, 484 N.E.2d 191(10th Dist.1984). In making this determination, the trial court must examine the totality of facts and circumstances surrounding the arrest. See *State v. Miller*, 117 Ohio App.3d 750, 761, 691 N.E.2d 703 (11th Dist.1997); *State v. Brandenburg*, 41 Ohio App.3d 109, 111, 534 N.E.2d 906 (2nd Dist.1987). When evaluating probable cause to arrest for OVI, the totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered. See *State v. Homan*, 89 Ohio St.3d 421, 427, 732 N.E.2d 952 (2000). Furthermore, a police officer does not have to observe poor driving performance in order to effect an arrest for driving under the influence of alcohol if all the facts and circumstances lead to the conclusion that the driver was impaired. See *State v. Harrop*, 5th Dist. Muskingum No. CT2000–0026 (July 2, 2001), citing *Atwell v. State*, 35 Ohio App.2d 221, 301 N.E.2d 709 (8th Dist.1973).

{¶17} In examining the totality of facts and circumstances surrounding this arrest, the trial court looked to a number of factors.  As appellant points out, the trial court relied upon the eleven-part test found in *State v. Evans*, supra, 127 Ohio App.3d at 56, in determining whether the trooper had probable cause to arrest appellant. Specifically, the *Evans* court stated:

> Without citing the numerous cases which have been canvassed, it
> may be said these factors include, but are not limited to (1) the time
> and day of the stop (Friday or Saturday night as opposed to, e.g.,
> Tuesday morning); (2) the location of the stop (whether near

establishments selling alcohol); (3) any indicia of erratic driving before the stop that may indicate a lack of coordination (speeding, weaving, unusual braking, etc.); (4) whether there is a cognizable report that the driver may be intoxicated; (5) the condition of the suspect's eyes (bloodshot, glassy, glazed, etc.); (6) impairments of the suspect's ability to speak (slurred speech, overly deliberate speech, etc.); (7) the odor of alcohol coming from the interior of the car, or, more significantly, on the suspect's person or breath; (8) the intensity of that odor, as described by the officer ("very strong," "strong," "moderate," "slight," etc.); (9) the suspect's demeanor (belligerent, uncooperative, etc.); (10) any actions by the suspect after the stop that might indicate a lack of coordination (dropping keys, falling over, fumbling for a wallet, etc.); and (11) the suspect's admission of alcohol consumption, the number of drinks had, and the amount of time in which they were consumed, if given. All of these factors, together with the officer's previous experience in dealing with drunken drivers, may be taken into account by a reviewing court in determining whether the officer acted reasonably.

{¶18} No single factor is determinative. Id. at fn. 2.

{¶19} We have previously noted the *Evans* factors are "more accurately cited in the context of an officer's decision to conduct field sobriety tests, rather than for the issue of probable cause to arrest." *State v. Shullo*, 5th Dist. Stark No. 2010 CA 00261, 2011-Ohio-1619, ¶ 15, citing *State v. Foster,* 5th Dist. Tuscarawas No.2009AP020007,

2009–Ohio–4764, ¶ 13–19. A trial court's reliance on *Evans* in the context of probable cause does not constitute a reversible failure to apply the correct test or law to the findings of fact. Id. In the instant case, the trial court used the *Evans* factors to thoroughly evaluate the facts and circumstances surrounding the trooper's decision to make the arrest.

{¶20} We agree with the trial court's decision finding probable cause existed for this arrest. We note the trial judge is in the best position to determine the credibility of witnesses and his conclusion in this case is supported by competent facts. *State v. Anderson*, 5th Dist. Muskingum No. CT2013-0016, 2013-Ohio-4664, ¶ 21, citing *State v. Burnside*, 100 Ohio St.3d 152, 154–55, 797 N.E.2d 71 (2003). The fundamental rule that weight of evidence and credibility of witnesses are primarily for the trier of fact applies to suppression hearings as well as trials. *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Upon our review of the record, we disagree with appellant's minimization of his erratic driving. Appellant admits to the marked lanes violations; we further note, however, upon being traffic stopped on an interstate, he put on his left turn signal and pulled into the median, not fully clearing the lane of traffic, requiring the trooper to block the scene of the stop with his cruiser. Additional factors supporting the finding of probable cause include the time of the stop, appellant's admission and vacillation, and the moderate odor of an alcoholic beverage emanating not only from the interior of the vehicle, but also upon appellant's person.

{¶21} We find appellee's evidence supports the conclusion the trooper had specific, articulable reasons justifying the administration of the SFSTs and probable

cause to arrest appellant for O.V.I. The trial court therefore did not err in overruling those portions of appellant's motion to suppress.

## CONCLUSION

{¶22} Appellant's sole assignment of error is overruled and the judgment of the Morrow County Municipal Court is affirmed.

By: Delaney, J. and

Gwin, P.J.

Farmer, J., concur.