[Cite as *Village of Kirtland Hills v. Jenisek*, 2016-Ohio-3401.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| VILLAGE OF KIRTLAND HILLS, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-117** |
| ALLAN D. JENISEK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Willoughby Municipal Court, Case No. 15 TRC 03911.

Judgment: Affirmed.

*James R. O'Leary,* Baker, Hackenberg & Hennig, 77 North St. Clair Street, #100, Painesville, OH 44077 (For Plaintiff-Appellee).

*Ron M. Graham,* 6988 Spinach Drive, Mentor, OH 44060 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}  Defendant-appellant, Allan D. Jenisek, appeals the denial of his Motion to Suppress his arrest and all evidence obtained from his warrantless seizure.  The issue before this court is whether erratic driving, slurred speech, bloodshot eyes, an odor of alcohol, admission to having consumed alcohol, and the presence of six clues on a properly administered HGN test provide probable cause to arrest for OVI.  For the following reasons, we affirm the decision of the court below.

{¶2} On June 14, 2015, Jenisek was issued a traffic citation by Patrolman Daniel Pinkett of the Kirtland Hills Police Department, charging him with Driving while under the Influence (OVI), in violation of Kirtland Hills Ordinance 333.01(a)(1)(A) ("[n]o person shall operate any vehicle within this Municipality * * * under the influence of alcohol"); Driving while under the Influence (OVI), in violation of Kirtland Hills Ordinance 333.01(a)(1)(D) ("[n]o person shall operate any vehicle within this Municipality, if * * * [t]he person has a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath"); and Illumination of Rear License Plate, in violation of Kirtland Hills Ordinance 337.04(b) ("[e]ither a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate * * * and render it legible from a distance of fifty feet to the rear").

{¶3} On June 17, 2015, Jenisek appeared and entered a plea of not guilty.

{¶4} On August 7, 2015, Jenisek filed a Motion to Suppress.

{¶5} On August 26, 2015, a hearing was held on the Motion to Suppress. Patrolman Pinkett testified on behalf of Kirtland Hills. Admitted into evidence was a video of the stop and arrest recorded from the police cruiser.

{¶6} On September 14, 2015, the municipal court issued a Judgment Entry, denying the Motion to Suppress. The court made the following relevant findings:

> [A]t approximately 2:10 AM * * * [Patrolman Pinkett] observed defendant's vehicle operating from eastbound Johnnycake to southbound Little Mountain Road, in Kirtland Hills. The officer observed traffic violations including operating with one headlight, no license plate light, operating one foot over a white line, and the vehicle operate through a stop sign. Other observations by the officer include making a wide turn, travelling on a double yellow line for 100 yards, and operating on a solid white line for 100 yards.

The officer followed the defendant for an additional 200 yards with overhead lights activated before the vehicle stopped. Officer Pinkett testified that after the traffic stop, he made an initial observation of the defendant as having bloodshot and glassy eyes, and he detected a strong odor of an alcoholic beverage. * * *

Officer Pinkett, based upon his initial observations of the driving of the defendant, the strong odor of alcohol and the hour of the morning, asked the defendant to perform testing, including what the officer described as an "alphabet test". The officer asked defendant to say the alphabet and the results according to the officer after performing this "two times" were that the defendant "messed it up". The officer recited the errors made by the defendant. Under cross examination, the officer testified that this test was not a NHTSA test. The court notes that NHTSA does in fact suggest an Alphabet Recital test which is not scientifically validated, but useful as evidence of impairment. However, the test as dictated by NHTSA has specific guidelines which were not followed by the officer (Section VI-9, NHTSA Manual), and therefore the officer's observations on this test are not admissible. The Court finds the factors cited such as the vehicle operation and strong odor of alcohol to be sufficient reasonable and articulable suspicion to warrant further detention for the purpose of administering field sobriety testing.

Officer Pinkett testified for the Village regarding his administration of the standardized field sobriety tests, including the horizontal gaze nystagmus (HGN), the walk-and-turn (WAT) and the one-leg stand (OLS). The testimony of the officer as to his administration of these tests as to the defendant was competent and credible. Based upon the testimony of the officer and his detailed explanation of the administration of the field sobriety tests, the Court finds the specific test he was able to administer (HGN) was conducted in substantial compliance with his training and the guidelines for the administration of the testing. However, as the additional tests were not fully completed, due to the inability of the defendant to perform same, the results cannot be considered in part and are therefore suppressed. The observations of the officer may be admitted.

* * *

This court considered the following factors in determining whether there was sufficient probable cause to arrest the defendant for the offense of OVI. These factors include the driving observed by the officer, as well as his personal observation as a somewhat

3

experienced police officer of indicia of intoxication, which included the bloodshot eyes, slurred speech, strong odor of alcohol, and eventual admission of alcohol consumption. * * * The court notes the officer testified that while the defendant initially denied consuming alcohol, he then advised the officer he had consumed "one beer".

{¶7} On October 7, 2015, Jenisek entered a plea of no contest to OVI in violation of Kirtland Hills Ordinance 333.01(a)(1)(A), and, on motion of Kirtland Hills, the municipal court entered an order of nolle prosequi as to the remaining charges. The court fined Jenisek $475 plus costs; ordered him to serve 90 days in jail (85 days suspended); and imposed a 180-day license suspension. Jenisek's sentence was stayed pending appeal.

{¶8} On October 14, 2015, Jenisek filed his Notice of Appeal.

{¶9} On appeal, Jenisek raises the following assignment of error:

{¶10} "[1.] The Trial Court erred in finding the Officer had probable cause to arrest Appellant."

{¶11} At a suppression hearing, "the trial court is best able to decide facts and evaluate the credibility of witnesses." *State v. Mayl*, 106 Ohio St.3d 207, 2005-Ohio-4629, 833 N.E.2d 1216, ¶ 41. "Its findings of fact are to be accepted if they are supported by competent, credible evidence, and we are to independently determine whether they satisfy the applicable legal standard." *Id.*, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8; *State v. Korb*, 11th Dist. Lake No. 2013-L-126, 2014-Ohio-4543, ¶ 13 ("[o]nce the appellate court accepts the trial court's factual determinations, the appellate court conducts a de novo review of the trial court's application of the law to these facts") (citation omitted).

4

{¶12} "An arrest without a warrant is constitutionally invalid unless the arresting officer had probable cause to make it at that time." *State v. Timson*, 38 Ohio St.2d 122, 311 N.E.2d 16 (1974), paragraph one of the syllabus. "In determining whether the police had probable cause to arrest an individual for DUI," the reviewing court must consider "whether, at the moment of the arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Homan*, 89 Ohio St.3d 421, 427, 732 N.E.2d 952 (2000).

{¶13} "In making this determination, [the court] will examine the 'totality' of facts and circumstances surrounding the arrest." *Id.* "While field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of these tests." *Id.*; *State v. Penix*, 11th Dist. Portage No. 2007-P-0086, 2008-Ohio-4050, ¶ 29 ("the totality of the circumstances can support a finding of probable cause to arrest, even where no field sobriety tests were administered").

{¶14} Jenisek contends that, under a totality of the circumstances, Patrolman Pinkett lacked probable cause to place him under arrest. Jenisek notes the following: "he was not agumentative at any time"; "he was given a PBT * * * which was under the [legal] limit (.061%)"; "three of the four sobriety tests were suppressed"; and Patrolman Pinkett "was an inexperienced officer with only 1.5 years on the job." Appellant's brief at 5-6. These arguments fail to demonstrate a lack of probable cause to arrest.

**{¶15}** With respect to the results of the portable breath test, we note that "satisfactory performance on some [sobriety tests] does not operate to negate the existence of probable cause," but, rather, "is merely one factor to consider in determining whether probable cause exists based upon the totality of the circumstances." *State v. Ousley*, 4th Dist. Ross No. 99CA2476, 1999 Ohio App. LEXIS 4459, 11-12 (Sept. 20, 1999). Here, the results of the portable breath test only merit limited consideration in light of Patrolman Pinkett's testimony that "the .061 was not an accurate reading because [Jenisek] didn't blow very hard": "sometimes he didn't breathe, he didn't blow hard enough and he didn't blow at all and we had to do it several times to get somewhat of a reading."

**{¶16}** With respect to Jenisek's cooperative demeanor during the stop, we note that the "failure to exhibit some symptoms that sometimes accompany intoxication was part of the totality of the circumstances," and "the absence of those symptoms [does] not negate the presence of other symptoms." *State v. Kodman*, 9th Dist. Medina No. 06CA0100-M, 2007-Ohio-5605, ¶ 7.

**{¶17}** With respect to the walk-and-turn and the one-leg-stand tests, these were suppressed on account of Jenisek's inability to perform them due to an alleged calf injury. The fact of their suppression has no bearing on Jenisek's impairment or intoxication.

**{¶18}** The circumstances supporting the existence of probable cause to arrest are substantial. Officer Pinkett stopped Jenisek after observing erratic driving. *State v. Sitko*, 11th Dist. Portage No. 2011-P-0042, 2012-Ohio-2705, ¶ 28 ("[p]olice testimony regarding a defendant's erratic driving may be considered in the probable-cause

6

determination"). Jenisek demonstrated six out of six possible clues in a properly administered HGN test. *State v. Bresson*, 51 Ohio St.3d 123, 129, 554 N.E.2d 1330 (1990) ("the HGN test has been shown to be a reliable test * * * in determining whether a person is under the influence of alcohol"). Jenisek had a strong odor of alcohol about his person, bloodshot eyes, slurred speech, and admitted to having consumed alcohol. *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446, ¶ 12, citing *State v. Wargo*, 11th Dist. Trumbull No. 96-T-5528, 1997 Ohio App. LEXIS 4846, 7 (Oct. 31, 1997) (in addition to field sobriety tests, "the state can rely on physiological factors (*e.g.*, slurred speech, bloodshot eyes, odor of alcohol) * * * to demonstrate that a person's physical and mental ability to drive is impaired").

{¶19} We note that Patrolman Pinkett's testimony as to Jenisek's "slurred speech," "wobbling," and "inability to keep his balance" is corroborated by the dashcam recording of the stop. The recording also negates any claim that Patrolman Pinkett's relative inexperience may have influenced the decision to place Jenisek under arrest.

{¶20} The number of cases finding probable cause to arrest for OVI in similar circumstances are many. *State v. Sadler*, 6th Dist. Wood No. WD-14-058, 2015-Ohio-2673, ¶ 9-11 (cases cited); *State v. Miller*, 10th Dist. Franklin No. 13AP-1022, 2014-Ohio-3605, ¶ 25-26 (cases cited); *State v. Corbissero*, 11th Dist. Ashtabula No. 2011-A-0028, 2012-Ohio-1449, ¶ 30-32.

{¶21} Conversely, the authority cited by Jenisek is readily distinguishable. In *State v. Shullo*, 5th Dist. Stark No. 2010 CA 00261, 2011-Ohio-1619, the court of appeals affirmed the suppression of the evidence, but noted that the arresting officer "obtained no results from appellee on field sobriety testing." *Id.* at ¶ 17. Significantly,

7

the *Shullo* court distinguished its decision to affirm the suppression from another case where, as here, the arrest was additionally supported by the administration of an HGN test. *Id.*, distinguishing *State v. Crowe*, 5th Dist. Delaware No. 07CAC030015, 2008-Ohio-330.

{¶22} In *State v. Scott*, 2d Dist. Montgomery No. 22446, 2008-Ohio-2725, the court of appeals reversed the denial of a motion to suppress by the lower court. As with *Shullo*, but in contrast to the present case, the results of an HGN test were excluded. *Id.* at ¶ 266. Accordingly, we find neither case persuasive in the present circumstances where the parties stipulated to the admissibility of the HGN test.

{¶23} The sole assignment of error is without merit.

{¶24} For the foregoing reasons, the decision of the Willoughby Municipal Court to deny Jenisek's Motion to Suppress is affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.