[Cite as *State v. Benson*, 2025-Ohio-2699.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | | Hon. Robert G. Montgomery, J. |
| | : | | Hon. Kevin W. Popham, J. |
| -vs- | : | | |
| | : | | |
| BRANDON BENSON, | : | | Case No. 24CA000042 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Cambridge
Municipal Court, Guernsey County,
Ohio, Case No. TRC 2003387

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      July 30, 2025

APPEARANCES:

For Plaintiff-Appellee

WILLIAM H. FERGUSON
CAMBRIDGE LAW DIRECTOR
150 Highland Ave., Ste. 2
Cambridge, OH 43725

For Defendant-Appellant

LANE A. DAILEY
GOTTLIEB, JOHNSTON, BEAM &
  DAL PONTE, PLL
320 Main Street
Zanesville, OH 43701

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

**{¶1}** On September 11, 2020, Brandon Benson, ("Benson") was driving on interstate 77 and was stopped by Ohio State Highway Patrolman Tyler McKee (Trooper McKee), for travelling at a speed of 77 mph in a 70 mph zone and tinted windows. *Motion to Suppress Transcript*, p. 8. After an interaction with Trooper McKee, Benson was arrested for OVI in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(d). Benson was also charged with driving under suspension in violation of R.C. 4510.111 and speed in violation of R.C. 4511.21(D)(4).

**{¶2}** Benson's eyes were bloodshot and glassy and an odor of alcohol was coming from the vehicle. *Suppress Transcript*, p. 10. Benson admitted to Trooper McKee that he consumed a beer with his father earlier in the night and had taken Vicodin for an injured shoulder. *Id.*, pp. 12, 22. Trooper McKee asked Benson for his driver's license and Benson was unable to provide one. *Id.*, p. 10. Benson provided his social security number to Trooper McKee and it was confirmed that Benson's driver's license was suspended. *Id.*, p. 11

**{¶3}** Benson was asked to exit his vehicle and perform standard field sobriety tests. After the completion of the tests, Benson was arrested and charged with OVI in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19 (A)(1)(d). Benson was also charged with driving under suspension in violation of R.C. 4510.111 and speed in violation of R.C. 4511.21(D)(4).

**{¶4}** Benson filed a motion to suppress on June 16, 2021. Benson's motion alleged that there was not probable cause to arrest him for OVI. *Motion to Suppress*, p. 7.

**{¶5}** Benson's motion to suppress was heard on August 9, 2021, in the Cambridge Municipal Court by Magistrate Teresa Liston. Magistrate Liston denied the motion to suppress on the record and filed a formal Magistrate's Order on August 9, 2021.

**{¶6}** Benson waived his right to a trial by jury and entered a plea of no contest on November 18, 2024. On the same day, the trial court issued an Order and Journal Entry that found Benson guilty of OVI in violation of R.C. 4511.19(A)(1)(a) and imposed sentence.

**{¶7}** Benson filed a timely appeal and Benson's sentence is stayed pending this Court's decision.

**ANALYSIS**

**{¶8}** Benson asserts in his sole assignment of error that:

**{¶9}** "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS BECAUSE THE OFFICER LACKED PROBABLE CAUSE TO ARREST APPELLANT FOR OVI."

**{¶10}** Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Burnside*, 2003-Ohio-5372, ¶ 8, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Appellate courts are to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id*.

**{¶11}** A reviewing court is bound to accept the factual determinations of a trial court during a suppression hearing so long as they are supported by competent and credible evidence. *State v. Long*, 127 Ohio App.3d.328 (1998). "A determination of probable cause is made from the totality of the circumstances." *State v. Hoey*, 2024-Ohio-5399, ¶ 29 (5th Dist.).

**{¶12}** Benson cites, *State v. Shulo*, 2011-Ohio-1619, ¶ 12 (2011) in his brief as grounds for his statement that, "This Court has routinely held that the totality of circumstances test, in regard to a suspected OVI, includes, but is not limited to, an 11-factor examination of facts and circumstances surrounding the stop and the suspect." *Appellant Brief*, p. 11.[1]

**{¶13}** This Court finds that *Shulo*, ¶ 15 stated, "Our research indicates that this Court has previously referenced the *Evans* test, although it was therein more accurately cited in the context of an officer's decision to conduct field sobriety tests, rather than for the issue of probable cause to arrest."

**{¶14}** In the case at hand, Benson is challenging the issue of probable cause, not the trooper's decision to request a field sobriety test. Therefore, the findings in *Shulo* do not apply.

**{¶15}** This Court has ruled that the standard for determining whether the police have probable cause to arrest an individual for OVI is whether, at the moment of arrest, the police had sufficient information, derived from a reasonable trustworthy source of facts

---

[1] The 11-factor examination referred to in *Shulo* is referred to as the "Evans test" in the decision.

and circumstances, to cause a prudent person to believe that the suspect was driving under the influence. *State v. Strope*, 2009-Ohio-3849, ¶ 22 (5th Dist.).

**{¶16}** We therefore consider whether the facts in the instant case demonstrate that Trooper McKee had probable cause to arrest Benson for OVI.

**{¶17}** Trooper McKee was the only witness who testified during the suppression hearing. Trooper McKee has been employed by the Cambridge Post of the Ohio State Highway Patrol for almost nine years. *Suppress Transcript,* p. 6. Trooper McKee has received training as it relates to alcohol and drunk driving. *Id*.

**{¶18}** Trooper McKee testified Benson was speeding on interstate 77 late at night and was lost. *Id*., p. 7. After Trooper McKee pulled Benson over, he noticed Benson's eyes were bloodshot and glassy and an odor of alcohol was coming from the vehicle. *Id*., p. 10. Benson admitted to Trooper McKee that he consumed a beer with his father earlier in the night and had taken Vicodin for an injured shoulder. *Id*., pp. 12, 22. Trooper McKee noticed there were Bud Light cans or bottles all over the back floorboard. *Id*., p. 10. Trooper McKee asked Benson for his driver's license, and he was unable to provide one. *Id.* Benson provided his social security number to Trooper McKee and it was confirmed that Benson's driver's license was suspended. *Id*., p. 11. Tropper McKee questioned Benson as to his route of travel and "[n]oticed he seemed to be lost." *Id.*, p. 10.

**{¶19}** Benson was asked to exit his vehicle and perform standard field sobriety tests. *Id.* Trooper McKee administered the gaze nystagmus test ("HGN') which he stated is, "[o]ne of our best indicators for alcohol consumption." *Id.*, p. 13. Officer McKee noticed six out of six clues after completion of the HGN test. *Id*., p. 16.

**{¶20}** Trooper McKee administered the walk and turn test and noticed three out of eight indicators. *Id.,* p. 18. Following the walk and turn test, Trooper McKee administered the one-legged stand test. Trooper McKee noted that Benson swayed during this test. *Id.*, p. 19.

**{¶21}** Trooper McKee stated that his decision to arrest Benson for OVI was based on, "[t]he totality of everything that had occurred that night. From – the speed, to the confusion of where he was, and the things I observed in the vehicle, the HGN test, the one leg stand test, and the walk and turn test." *Id.*, p. 19.

**{¶22}** In *Strope*, 2009-Ohio-3849, at ¶ 24, (5th Dist.), the appellate court found that the appellant failed the HGN test, the sergeant observed two clues on the one leg stand test, noticed a moderate odor of an alcoholic beverage on appellant's breath, that he had red and glassy eyes and he admitted to having a few drinks. This Court found that, "[t]he totality of the facts and circumstances supported a finding of probable cause to arrest Appellant for driving under the influence of alcohol." *Id*.

**{¶23}** The findings of Trooper McKee are very similar to the findings of the sergeant in *Strope*. As stated above, there was an odor of alcohol coming from Benson's vehicle, he had bloodshot and glassy eyes, admitted to consuming alcohol, had similar results on HGN test and the one leg stand test. In addition to the findings in *Strope*, Benson exhibited 3 of 8 indicators on the walk and turn test, was speeding late at night and admitted to taking Vicodin.

**{¶24}** The trial court looked at the totality of circumstances that comprised Trooper McKee's decision to place Benson under arrest and found the evidence to be, "[a] late night stop, there was an odor of alcohol, an admission to consuming alcohol, an

admission to using Vicodin as well, bloodshot and glassy eyes, observing alcohol containers within the motor vehicle, HGN six out of six clues, the walk and turn clues, and the modified Romberg test, and the Court finds that those taken together do constitute probable cause for the arrest for operating under the influence and the motion to suppress is denied."

**{¶25}** The trial court's findings were supported by competent credible evidence submitted during the suppression hearing. This Court finds that at the moment of arrest, Trooper McKee had sufficient information, derived from a reasonable trustworthy source of facts and circumstances, to cause a prudent person to believe that Benson was driving under the influence.

**{¶26}** Appellant's assignment of error is overruled.

## CONCLUSION

{¶27} The Magistrate's Order issued on August 9, 2021, is hereby affirmed. The Order and Journal Entry issued by the Cambridge Municipal Court, Guernsey County, Ohio on November 19, 2024, is affirmed.

By: Montgomery, J.

Baldwin, P.J. and

Popham, J. concur.